PAMELA WAIOLENA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waiolena v. Commissioner
Docket No. 19266-93
United States Tax Court
T.C. Memo 1994-404; 1994 Tax Ct. Memo LEXIS 411; 68 T.C.M. (CCH) 468; 94-2 U.S. Tax Cas. (CCH) P47,966; August 18, 1994, Filed *411 Decision will be entered for respondent. Pamela Waiolena, pro se. For respondent: Jonathan J. Ono. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency of $ 540 in petitioner's Federal income tax for 1990. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded. The issues for decision are: (1) Whether petitioner underreported unemployment compensation by $ 2,752; and (2) whether petitioner underreported wage income by $ 835. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Honolulu, Hawaii, at the time she filed her petition in this case. During part of the year in issue, petitioner was simultaneously employed as an administrative assistant for the Research Corporation of the University of Hawaii (the University), the Kona Coast Resort, and the State of Hawaii Central Payroll. She received wages from each of these employers. Petitioner *412 was also unemployed during part of the year. Petitioner received unemployment compensation from the State of Hawaii during that time. Petitioner timely filed an individual Federal income tax return, Form 1040, for the year in issue. Petitioner's return reported income from the University and the Kona Coast Resort. Her return did not report income from the State of Hawaii Central Payroll, from which she had received $ 835 of wage income, nor did the return report $ 2,752 of unemployment compensation that petitioner had received. In January 1991, petitioner took a 6-month leave of absence from her position at the University. She spent the first 2 months in New Zealand. She spent the remaining 4 months in Hawaii, living out of her automobile, with no income other than her unemployment compensation. Petitioner kept all of her tax information stored in a box inside her automobile. In 1991, while searching through her mail, petitioner found a Form W-2 from the State of Hawaii Central Payroll. Petitioner filled out an amended individual return, which included the previously unreported wage income. Respondent did not receive the amended return. Petitioner received unemployment *413 compensation checks for May through August 1990. Although petitioner received the compensation checks, she stated that she did not receive a document indicating the total amount of unemployment compensation received during the year. Petitioner alleges that because she had no knowledge of how much unemployment compensation she had received, she could not report the unemployment compensation on her tax return. OPINION Respondent's determination is presumptively correct, and petitioner bears the burden of proving otherwise. Rule 142(a); . Section 61(a)(1) provides that gross income means income from whatever source derived, including wage income. Section 85(a) provides that gross income also includes unemployment compensation. Section 85(b) defines "unemployment compensation" as an amount received according to the laws of the United States or an individual State which is in the nature of unemployment compensation. In the instant case, respondent determined that petitioner underreported both wage income and unemployment compensation for 1990. At trial, petitioner conceded that she received $ 835 of wage income *414 from the State of Hawaii Central Payroll and $ 2,752 of unemployment compensation from the State of Hawaii. Due to petitioner's concessions, respondent's determination is sustained. To reflect the foregoing, Decision will be entered for respondent.